USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-15-08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

BRUCE S. BROWN,   :

              Plaintiff,   :   06 Civ. 2365 (CM)(HBP)

   -against-   :   REPORT AND
                                 RECOMMENDATION

JO ANNE B. BARNHART,   :
Commissioner of Social Security,
                                 :
             Defendant.
                                 :
------------------------------------X

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/11/08

PITMAN, United States Magistrate Judge:

TO THE HONORABLE COLLEEN McMAHON, United States District Judge,

I. Introduction

Plaintiff, Bruce S. Brown, brings this action, pro se, pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking judicial review of several decisions of the Social Security Administration which granted, in part, plaintiff's application for Supplemental Security Income ("SSI") benefits and denied plaintiff's application for disability insurance benefits.

To the extent that plaintiff seeks review of a 2002 decision by an Administrative Law Judge ("ALJ") denying plaintiff's application to reopen his case, defendant moves to dismiss pursuant to Fed.R.Civ.P. 12(b)(1) for lack of subject matter

6/10/08 The Court, having reviewed plaintiff's objections and finding them without merit for the reasons stated by the Magistrate Judge, adopts the Report as the opinion of the Court and directs the Clerk to enter judgment dismissing the complaint for the reasons set forth by the Magistrate Judge. Colleen McMahon USDJ

Copies mailed/faxed/handed to counsel on 6/11/08

jurisdiction. The theory underlying this aspect of defendant's motion is that the ALJ's 2002 decision is not a final order of the Commissioner of Social Security and that Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g) does not, therefore, confer subject matter jurisdiction on the court to review the decision.

To the extent plaintiff is seeking review of the decisions rendered more than a decade ago that granted, in part, plaintiff's application for SSI benefits and denied his application for disability benefits, defendant moves to dismiss the complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim on which relief can be granted on the ground that the action is time barred.

For the reasons set forth below, I respectfully recommend that defendant's motion be granted.

II. Facts

A. Procedural Background

Plaintiff, a former employee of the United States Postal Service, applied for social security benefits on September 30, 1993. Plaintiff claimed that he had been disabled since January 1, 1993 and sought both disability insurance benefits pursuant to Title II of the Social Security Act ("Act"), as well as SSI benefits under Title XVI of the Act. After his applica-

tion was denied both initially and upon reconsideration, plaintiff appealed, and an ALJ held a hearing at which plaintiff waived his right to legal representation. In a decision issued December 29, 1994,[1] the ALJ found that: (1) plaintiff was not entitled to disability benefits under Title II of the Act, regardless of his physical condition, because plaintiff was not insured for disability and (2) plaintiff was not entitled to SSI benefits because his condition was not sufficiently severe to constitute a "disability" as defined by the Act (December 29, 1994 Decision of ALJ Marilyn P. Hoppenfeld ("December 1994 Decision") at 4-5, 8-10, annexed as Exhibit A to Timlin Decl.).

Plaintiff appealed the ALJ's December 1994 Decision to the Appeals Council. On December 5, 1995, the Appeals Council declined to review the ALJ's denial of plaintiff's application for disability benefits, rendering it the final decision of the Commissioner of Social Security. The Appeals Council advised plaintiff that he could seek judicial review of the decision denying his application for disability benefits by filing a

---

[1] Apparently, the ALJ's December 29, 1994 Decision was incorrectly stamped December 29, 1993. Defendant submitted a copy of the decision which contains a handwritten correction of that date (Exhibit A to the Declaration of John T. Timlin, dated July 6, 2006 ("Timlin Decl."), Docket Item 10). Plaintiff's version is uncorrected (annexed as an unnumbered exhibit to Plaintiff's Amended Complaint ("Am. Compl."), Docket Item 4). Since the decision refers to several exhibits themselves dated 1994, it appears that the decision should, in fact, have been dated December 29, 1994.

3

complaint in federal court within 60 days of his receipt of the Appeals Council's letter (December 5, 1995 Action of Appeals Council ("December 5, 1995 Appeals Council Denial"), annexed as Exhibit B to Timlin Decl.).

In a separate order also issued on December 5, 1995, the Appeals Council considered "new and material" evidence submitted by plaintiff and vacated that portion of the ALJ's December 1994 Decision that denied plaintiff SSI benefits. The Appeals Council remanded plaintiff's case to the ALJ to obtain and review updated medical reports of plaintiff's condition and to re-evaluate plaintiff's claim of disability (December 5, 1995 Action of Appeals Council, annexed as Exhibit C to Timlin Decl.).

The ALJ held a supplemental hearing on March 4, 1996, at which plaintiff again waived legal representation. On June 26, 1996, the ALJ issued plaintiff a "partially favorable" decision. The ALJ concluded that, according to the findings of a medical expert, plaintiff had been disabled since December 21, 1994, but not prior thereto (June 26, 1996 Decision of ALJ Marilyn P. Hoppenfeld ("June 1996 Decision"), annexed as exhibit D to Timlin Decl., at 9).

Plaintiff sought review of the June 1996 Decision by the Appeals Council, and by letter dated August 21, 1997, the Appeals Council denied plaintiff's request for review, rendering the ALJ's June 1996 Decision the final decision of the Commis-

sioner. The Appeals Council informed plaintiff that he could request further review of the decision concerning his application for SSI benefits by commencing an action in federal court within 60 days from the date of his receipt of the August 21, 1997 letter (August 21, 1997 Action of Appeals Council ("August 21, 1997 Appeals Council Denial"), annexed as an unnumbered exhibit to Am. Compl.).

On January 4, 2002 plaintiff requested another hearing, claiming that his monthly SSI benefits should be substantially higher (Request for a Hearing by Administrative Law Judge, annexed as an unnumbered exhibit to Am. Compl.).

In an Order of Dismissal dated October 25, 2002, ALJ Walter J. Brudzinski denied plaintiff's request for a hearing on the ground that the Commissioner had already issued a final decision regarding plaintiff's claims, therefore, the Office of Hearings and Appeals lacked jurisdiction to hear those claims. The Order of Dismissal informed plaintiff that to obtain review of the decision with respect to his application for SSI benefits, he should have filed an action in federal court within 60 days of receiving the August 21, 1997 Appeals Council Denial. The Order of Dismissal also advised plaintiff that if he still sought review of the August 1997 determination he should file a claim in this Court (October 25, 2002 Order of Dismissal ("Order of Dismissal"), annexed as an unnumbered exhibit to Am. Compl.)

5

On November 28, 2005 plaintiff commenced the present pro se action alleging that defendant erroneously denied him disability insurance and/or SSI benefits and that the "[r]eason for delay [was] because the SSA kept the [a]ppeal for such a long time and I wasn't allowed to have an attorney to [r]epresent me" (Complaint ("Compl."), Docket Item 2, at ¶¶ 4, 9(d)). Plaintiff used a form complaint on which he mistakenly identified ALJ Brudzinski's October 25, 2002 Order of Dismissal as the Appeals Council's letter declining to review the ALJ's June 26, 1996 decision (Compl. at ¶ 8).

The Honorable Michael B. Mukasey, former Chief Judge of this District, issued an Order, dated March 27, 2006 ("March 2006 Order"), explaining that plaintiff had incorrectly identified the ALJ's October 25, 2002 Order of Dismissal as the Commissioner's final decision (Docket Item 3, at 1). The March 2006 Order also noted that, to the extent plaintiff was attempting to seek review of the August 21, 1997 Appeals Council Denial, plaintiff had filed his complaint long after the expiration of the 60-day period for seeking judicial review of the decision and that the complaint had also been filed more than three years after the October 2002 Order of Dismissal (March 2006 Order at 2). The March 2006 Order went on to point out that although there are circumstances that can give rise to an equitable toll of the limitations period, plaintiff had not alleged any facts that

6

would support an equitable toll (March 2006 Order at 2). The March 2006 Order concluded by directing plaintiff to file an amended complaint within 60 days that explained "why [plaintiff] failed to file [his] action in a timely manner after receiving the Appeal[s] Council's August 21, 1997 decision, or even after receiving the October 25, 2002 determination, and identify any circumstance that would justify tolling of the 60-day period" (March 2006 Order at 3).

Plaintiff filed an amended complaint on April 10, 2006, alleging that the ALJ's December 1994 Decision denying him disability benefits was erroneous. The amended complaint again misidentified the ALJ's October 2002 Order of Dismissal as the decision by the Appeals Council affirming the ALJ's December 1994 Decision (Am. Compl. at ¶¶ 7, 8). In an effort to support a claim of equitable tolling, plaintiff alleged that the delay in filing his complaint was due to improper conduct by the government, namely that the government did not allow him to have an attorney "of [his] choice," that the October 25, 2002 Order of Dismissal did not give him a "time limit" or "procedures," and that he is the victim of a "massive" conspiracy among the business, unions and the government to discriminate against him (Addendum to Am. Compl. at ¶ 7(b); Letter to Joseph Crowley, dated June 22, 2002, annexed as an unnumbered exhibit to Am. Compl. to which ¶ 7(b) of the Addendum to Am. Complt. refers).

7

B.  The Pending Motion

Defendant filed the pending motion on or about July 26, 2006; her motion has two parts. First, to the extent that plaintiff's amended complaint can be read as seeking review of the October 25, 2002 Order of Dismissal, defendant argues that the amended complaint should be dismissed for lack of subject matter jurisdiction because the Order of Dismissal is not a final order of the Commissioner and judicial review of decisions denying or denying in part disability and SSI benefits is limited to final orders of the Commissioner. Second, to the extent that the amended complaint seeks review of the December 5, 1995 Appeals Council Denial or the August 21, 1997 Appeals Council Denial, it is untimely, having been commenced long after the expiration of the 60-day period for seeking judicial review of these actions.

Plaintiff's opposition consists of a letter he sent to the Court on or about August 6, 2006 (Docket Item 14, ("Pl. Opp.")). Plaintiff's arguments are difficult to follow, and he injects a substantial amount of irrelevant material into his opposition. Nevertheless, the following contentions are discernable:

> 1. Plaintiff claims he did not get notice of the December 5, 1995 Appeals Council Denial because he was evicted from his apartment in March 1996 and did not

8

receive the decision at his new address (Pl. Opp. at 2).

2. Plaintiff's property, including unspecified "documents" were auctioned off in September 1995 following an eviction (Pl. Opp. at 2).

3. Plaintiff was unable to commence an action seeking review of the August 21, 1997 Appeals Council Action in a timely manner because that decision did not advise plaintiff of the deadline for seeking judicial review nor did it provide the address of the courthouse where he could commence an action seeking judicial review (Pl. Opp. at 3).

4. Plaintiff claims he was denied his "constitutional" right to have an attorney in connection with his claims for social security benefits (Pl. Opp. at 6).

III. Analysis

I shall first address the prong of defendant's motion asserting a lack of subject matter jurisdiction and then address the prong asserting that the amended complaint fails to state a claim on which relief can be granted. Sunrise Indus. Joint Venture v. Ditric Optics, Inc., 873 F. Supp. 765, 769 (E.D.N.Y. 1995) ("Where a Court is asked to rule on a combination of Rule

12 defenses, it will pass on the jurisdictional issues before considering whether a claim is stated in the complaint."); see also Arrowsmith v. United Press Int'l, 320 F.2d 219, 221 (2d Cir. 1963)(en banc)("[L]ogic compel[s] initial consideration of the issue of jurisdiction . . . a court without such jurisdiction lacks power to dismiss a complaint for failure to state a claim . . . ."); Hertzner v. U.S. Postal Serv., 05 Civ. 2371 (DRH)(ARL), 2007 WL 869585 at *3 (E.D.N.Y. Mar. 20, 2007).

### A. Lack of Subject Matter Jurisdiction

Defendant argues that, to the extent plaintiff seeks judicial review of the ALJ's October 25, 2002 Order of Dismissal, the Court lacks subject matter jurisdiction because the Order of Dismissal is not a final decision of the Commissioner and is not, therefore, subject to judicial review pursuant to Section 205(g) of the Act, 42 U.S.C. § 405(g).

In Weinberger v. Salfi, 422 U.S. 749 (1975) the Supreme Court explained the conditions precedent to, and the jurisdictional requirements of, an action for review of a decision of the Social Security Administration:

> Section 405(g) specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the

10

> plaintiff's residence or principal place of business.
> The second and third of these requirements specify,
> respectively, a statute of limitations and appropriate
> venue. As such, they are waivable by the parties, and
> not having been timely raised below, see Fed.Rules
> Civ.Proc. 8(c), 12(h)(1), need not be considered here.
> We interpret the first requirement, however, to be
> central to the requisite grant of subject-matter juris-
> diction -- the statute empowers district courts to
> review a particular type of decision by the Secretary,
> that type being those which are 'final' and 'made after
> a hearing.'

422 U.S. at 763-64.

What constitutes a final decision is set forth in the Commissioner's regulations and in case law.

> [T]he Act does not define "final decision," in-
> stead leaving it to the SSA to give meaning to that
> term through regulations. See § 405(a); <u>Weinberger v.
> Salfi</u>, 422 U.S. 749, 766, 95 S.Ct. 2457, 45 L.E.2d 522
> (1975). SSA regulations provide that, if the Appeals
> Council grants review of a claim, then the decision
> that the Council issues is the Commissioner's final
> decision. But if, as here, the Council denies the
> request for review, the ALJ's opinion becomes the final
> decision. See 20 CFR §§ 404.900(a)(4)-(5), 404.955,
> 404.981, 422.210(a) (1999). If a claimant fails to
> request review from the Council, there is no final
> decision and, as a result, no judicial review in most
> cases. See § 404.900(b); <u>Bowen v. City of New York</u>,
> 476 U.S. 467, 482-483, 106 S.Ct. 2022, 90 L.E.2d 462
> (1986). In administrative-law parlance, such a claim-
> ant may not obtain judicial review because he has
> failed to exhaust administrative remedies. See <u>Salfi</u>,
> <u>supra</u>, at 765-766, 95 S.Ct. 2457.

<u>Sims v. Apfel</u>, 530 U.S. 103, 106-07 (2000).

A decision such as the ALJ's October 25, 2002 Order of Dismissal, which merely denied a request for a hearing, is not a final decision, and, therefore, this Court lacks jurisdiction under Section 405(g) to review such a decision. <u>Maiden v.</u>

11

Barnhart, 450 F. Supp.2d 1, 3-4 (D.D.C. 2006); Lesane v. Apfel, CV 98-4738 (RJD), 1999 WL 1288940 at *2 (E.D.N.Y. Nov. 17, 1999); Plagianos v. Schweiker, 571 F. Supp. 495, 497 (S.D.N.Y. 1983).

Thus, to the extent that plaintiff is attempting to seek review of the ALJ's October 25, 2002 Order of Dismissal, the complaint should be dismissed for lack of subject matter jurisdiction.

    B.  The Timeliness of the Claims Addressed to the December 5, 1995 Appeals Council Denial and the August 21, 1997 Appeals Council Denial

Defendant next argues that to the extent plaintiff is seeking review of the December 5, 1995 Appeals Council Denial or the August 21, 1997 Appeals Council Denial, the complaint should be dismissed as untimely because it was filed more than 60 days after these two events.

Section 205(g) of the Act provides, in pertinent part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days afer the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. . . .

42 U.S.C. § 405(g). An action pursuant to Section 205(g) is the exclusive vehicle to review a decision of the Commissioner concerning a denial of disability or SSA benefits. 42 U.S.C.

12

§ 405(h) ("No findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided.").

The Commissioner's regulations implementing Section 205(g) provide:

> [a]ny civil action . . . must be instituted within 60 days after the Appeals' Council's notice of denial of request for review of the presiding officer's decision or notice of the decision by the Appeals Council is received by the individual . . . except that this time may be extended by the Appeals Council upon a showing of good cause. . . . the date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary.

20 C.F.R. § 422.210(c).

Although it is to be strictly construed as a limited waiver of the United States' sovereign immunity, the 60-day limitations period is subject to equitable tolling.

> The Social Security Act specifically empowers the federal courts to toll the section 405(g) limitations period in "cases . . . where the equities in favor of tolling the limitations period 'are so great that deference to the agency's judgment is inappropriate.'" Bowen v. City of New York, 476 U.S. 467, 480, 106 S.Ct. 2022, 90 L.Ed.2d 462 (1986) (quoting Mathews v. Eldridge, 424 U.S. 319, 330, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976)). See State of New York v. Sullivan, 906 F.2d 910, 917 (2d Cir. 1990). Thus, although the sixty-five-day limit is a condition of the agency's waiver of sovereign immunity and such a waiver should ordinarily be strictly construed, Bowen, 476 U.S. at 479, tolling of the statute is plainly available in appropriate circumstances. Moreover, such relief from the statute's time limit is not to be grudgingly granted, since the social security scheme is "unusually

13

> protective of claimants." Id. at 480 (quoting Heckler
> v. Day, 467 U.S. 104, 106, 104 S.Ct. 2249, 81 L.Ed.2d
> 88 (1984)). Indeed, given the protective nature of the
> social security statute, we should hesitate before
> dismissing plaintiff's claim on technical procedural
> grounds. See also Love v. Pullman Co., 404 U.S. 522,
> 527, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) ("technicali-
> ties are particularly inappropriate in a statutory
> scheme in which laymen, unassisted by trained lawyers,
> initiate the process.") (Title VII).

Rodriguez v. Barnhart, 01 Civ. 3411 (DAB)(MHD), 2002 WL 31875406 at *3 (S.D.N.Y. Dec. 24, 2002).

This action was unquestionably commenced more than 60 days after both the December 5, 1995 Appeals Council Denial and the August 21, 1997 Appeals Council Denial, and petitioner's claims directed at these two decisions can be timely only if plaintiff is entitled to have the 60-day period equitably tolled. "Equitable tolling allows courts to extend the statute of limitations beyond the time of expiration as necessary to avoid inequitable circumstances." Johnson v. Nyack Hosp., 86 F.3d 8, 12 (2d Cir. 1996). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005), citing Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990); see also Torres v. Barnhart, 417 F.3d 276, 279 (2d Cir. 2005); Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). The party attempting to invoke an equitable toll

14

bears the burden of proving that such a toll is appropriate. Boos v. Runyon, 201 F.3d 178, 185 (2d Cir. 2000).

In his complaint and opposition papers, plaintiff cites four circumstances in support of a claim of equitable tolling. None of plaintiff's arguments are convincing.

First, plaintiff appears to assert that, prior to defendant's motion to dismiss, he was not aware of the December 5, 1995 Appeals Council Denial concerning his request for review of his disability insurance benefits claim (Pl. Opp. at 2).[2] Plaintiff suggests this was due to his having been evicted from his apartment in March 1996. However, plaintiff's change of address three months after the Appeals Council's decision was mailed to him does not explain how plaintiff did not receive the mailed notice. Nevertheless, even if I assume that plaintiff did not receive that mailing in a timely manner, plaintiff fails to demonstrate diligence in pursuing that claim. Approximately ten years elapsed between the 1995 decisions of the Appeals Council and the commencement of this action. If, as he claims, plaintiff had no knowledge of the 1995 Appeals Council Denial, his failure to make inquiry over this ten-year period defeats any claim of diligence. Thus, plaintiff's claim that he never received notice

---

[2]Plaintiff's Opposition states "the Dec[ember] 5, 1995 Appeals Council is New-to-me" before explaining that he became aware of the Appeals Council's remand to the ALJ, issued that same day, through the Urban Justice Center and his scheduling of another hearing before an ALJ (Pl. Opp. at 2).

15

of the December 5, 1995 Appeals Council Denial is insufficient to sustain a nine-year equitable toll of the limitations period.

Second, plaintiff contends that his property, including unspecified "documents," were auctioned off in September 1995 following an eviction. Plaintiff, however, does not explain how the loss of documents in September, 1995, three months before the Appeals Council's decision, prevented him from responding to that decision until several years later.

Third, plaintiff contends that he was unable to commence an action seeking review of the August 21, 1997 Appeals Council Denial in a timely manner because the notice he received from the Appeals Council neither advised him of the time limit for seeking judicial review nor did it provide the address of the courthouse where he could commence an action seeking judicial review. Plaintiff's contention that the Appeals Council did not advise him of the time limit is belied by the Amended Complaint itself. Page 17 of the Amended Complaint consists of the August 21, 1997 letter from the Appeals Council advising plaintiff of its action. The fourth paragraph of the letter provides:

> If you desire a court review of the Administrative Law Judge's decision, you may commence a civil action by filing a complaint in the United States District Court for the judicial district in which you reside within sixty (60) days from the date of the receipt of this letter. It will be presumed that this letter is received within five (5) days after the date shown above unless a reasonable showing to the contrary is made. The complaint should name the Commissioner of Social

16

Security as the defendant and should include the Social
Security number(s) shown at the top of this notice.

The foregoing clearly put plaintiff on notice of the applicable time limit. The location of the Court has always been readily accessible to plaintiff through the telephone directory.

Plaintiff's final argument in support an equitable toll is his contention that he was denied his "constitutional" right to have an attorney "of [his] choice" in connection with his application for benefits (Addendum to Am. Compl. at ¶ 7(b)).

While a claimant appearing before an ALJ is entitled to legal representation, see 20 C.F.R. § 404.1700; Salomon ex rel. Jenkins v. Apfel, 99 Civ. 4250 (SAS), 2000 WL 776924 at *6 (S.D.N.Y. June 15, 2000), there is no requirement that the government provide a claimant with counsel of his choosing. See Frank v. Chater, 924 F. Supp. 416, 424 (E.D.N.Y. 1996) (The right to counsel requires that the claimant be informed that an attorney can assist with the hearing and that he may be able to obtain free legal assistance.). The ALJ's December 1994 decision indicates that plaintiff consulted with Queens Legal Services Corp. and Queens Volunteer Lawyers Project, Inc., and that plaintiff knowingly waived his right to representation at the hearing (December 1994 Decision at 4). The ALJ's June 1996 decision also notes that plaintiff had knowingly waived representation in connection with the hearing leading to that decision (June 1996 Decision at 1). Both of these decisions were accompa-

17

nied by a "Notice of Decision" that provided the following advice:

### Your Right to Representation in An Appeal

You may have a lawyer or other person help you in any appeal you file with the Appeals Council. There are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win your appeal. Your local Social Security office has a list of groups that can help you with an appeal.

. . . .

### Do You Have Any Questions?

If you have any questions, you may call, write or visit any Social Security Office. If you visit and office, please bring this notice and decision with you. The telephone number of the local office that serves your area is (718) 557-6030. Its address is One Jamaica Plaza, P.O.BOX 5600, Jamaica, NY 11432.

(December 29, 1994 Notice of Decision, annexed to Exhibit A to Timlin Decl., & June 26, 1996 Notice of Decision, annexed respectively, as Exhibits A & D to Timlin Decl.).

Thus, plaintiff was not denied any right to counsel. He was advised of his right to counsel and what he could do to seek pro bono counsel.

Plaintiff has not shown any facts whatsoever that would justify an equitable toll of the 60-day limitation period. Thus, to the extent that he is seeking review of either the December 5, 1995 Appeals Council Denial or the August 21, 1997 Appeals Council Denial, his complaint should be dismissed for failure to state a claim on which relief can be granted.

18

IV. Conclusion

Accordingly, for all the foregoing reasons, to the extent that plaintiff seeks review of the October 2002 Order of Dismissal, I respectfully recommend that the amended complaint be dismissed for lack of subject matter jurisdiction. To the extent that plaintiff seeks review of the December 5, 1995 Appeals Council Denial or the August 21, 1997 Appeals Council Denial, I respectfully recommend that the amended complaint be dismissed for failure to state a claim on which relief can be granted. Since there are no other decisions by defendant in issue, acceptance of this Report and Recommendation will result in the total dismissal of the amended complaint and the end of the action.

V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of this Report to file written objections. See also Fed.R.Civ.P. 6(a) and 6(e). Such objections (and responses thereto) shall be filed with the Clerk of the Court, with courtesy copies delivered to the chambers of the Honorable Colleen McMahon, United States District Judge, 500 Pearl Street, Room 640, New York, New York 10007, and to the chambers of the undersigned, 500 Pearl Street, Room 750, New York, New York 10007. Any requests for an extension of time for

19

filing objections must be directed to Judge McMahon. FAILURE TO OBJECT WITHIN TEN (10) DAYS **WILL** RESULT IN A WAIVER OF OBJECTIONS AND **WILL** PRECLUDE APPELLATE REVIEW. Thomas v. Arn, 474 U.S. 140 (1985); United States v. Male Juvenile, 121 F.3d 34, 38 (2d Cir. 1997); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 300 (2d Cir. 1992); Wesolek v. Canadair Ltd., 838 F.2d 55, 57-59 (2d Cir. 1988); McCarthy v. Manson, 714 F.2d 234, 237-38 (2d Cir. 1983).

Dated: New York, New York
May 15, 2008

Respectfully submitted,

HENRY PITMAN
United States Magistrate Judge

Copies mailed to:

Mr. Bruce S. Brown
Apt. 5-J
1580 Pelham Parkway South
Bronx, New York 10461

Susan D. Baird, Esq.
Assistant United States Attorney
86 Chambers Street,
3rd Floor
New York, New York 10007